# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MIGUEL TORRES-CRUZ**<br><br>    **Petitioner,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    **Respondent.** | **Civil No. 16-2336 (ADC)**<br>**[Related to Crim. Nos. 15-124 (ADC);**<br>**14-475 (CCC)]** |

## **OPINION AND ORDER**

On October 19, 2015, López pleaded guilty to possession with intent to distribute at least five but less than 15 kilograms of cocaine within a protected location, in violation of 21 U.S.C. §§ 841(a), 846, 860. **ECF No. 1**; **Crim. No. 15-cr-0124, ECF Nos. 405 to 413.** The Court issued judgment accordingly, sentencing Torres to sixty-three months of imprisonment to be served consecutively to the term of 30 months imposed in another case where he had pleaded guilty of possession of a firearm and ammunition in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). **ECF No. 1**; **Crim. Nos. 15-cr-0124, ECF No. 632; 14-475, ECF No. 71.**

On July 7, 2016, Miguel Torres-Cruz ("petitioner" or "Torres"), pro se and through the Federal Public Defender, filed a petition to vacate and correct his sentence under 28 U.S.C. § 2255 ("habeas petition") in relation to **Crim. No. 15-124**. **ECF No. 1.** In essence, Torres avers that "he was sentenced as a Career Offender," for which his sentence should be vacated under *Johnson v. United States*, 576 U.S. ___, 135, 135 S. Ct. 2551 (2015) ("*Johnson*). Pursuant to Standing

Order Misc. No. 16-196 (ADC), the Federal Public Defender ("FPD") was designated as counsel for Torres regarding the instant petition. However, for some unknown reason, the Clerk of the Court did not notify the FPD of the instant matter. Thus, the Court ordered that the petition be notified to the FPD and granted him a term to appear and to file any motion that he deemed appropriate. **ECF No. 2**. In his first appearance, the FPD informed the Court that it did not appear that the petitioner had an actionable claim under *Johnson*, and requested access to the petitioner's Presentence Investigation Report "to ensure he was not deemed an armed career criminal or career offender," which the Court granted. **ECF Nos. 3** at 4; **4**. Upon review of the Presentence Investigation Report, the FPD filed an informative motion and request to withdraw as counsel, reiterating his position that Torres lacks a claim under *Johnson*. **ECF No. 7**.

After a thorough review of the record in light of applicable law, the Court holds that Torres "has failed to make the requisite prima facie showing of a tenable case under . . . *Johnson*." *Ortiz v. U.S.*, Case No. 16-1754 (1st Cir. July 21, 2016) ("*Ortiz*"). Under *Johnson*, the United States Supreme Court deemed unconstitutionally vague the residual clause that forms a part of the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(d)(2)(B)(ii). Subsequently, in *Sessions v. Dimaya*, the United States Supreme Court held that pursuant to *Johnson*, the residual clause of the definition of crime of violence under 18 U.S.C. § 16(b) is unconstitutionally vague also.

However, in the instant case, Torres was not convicted under the ACCA. Moreover, as correctly stated by the Federal Public Defender, the petitioner's conviction for possession of a

firearm and ammunition under 18 U.S.C. § 924(c)(1)(A) "is predicated on a 'drug trafficking crime,' not a 'crime of violence.'" **ECF Nos. 3** at 3, **7** at 3.

Accordingly, Torres's 2255 petition at **ECF No. 1** is hereby **DENIED.** *See Ortiz* (denying leave to file a second or successive 2255 petition to raise a claim under *Johnson* insofar as the predicate for petitioner's weapons conviction under 18 U.S.C. § 924(c) was a drug trafficking crime and the residual clause was not implicated). The Clerk of Court is to enter judgment dismissing the instant petition with prejudice.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of July, 2019.

                                            **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**